UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
DRYWALL TAPERS AND POINTERS OF GREATER :
NEW YORK LOCAL UNION 1974, AFFILIATED :
WITH INTERNATIONAL UNION OF ALLIED :
PAINTERS AND ALLIED TRADES, AFL-CIO, :
                                                  Plaintiff, :
                                                  :
     -against- :
                                                  :
MAGNITUDE CONSTRUCTION CORP., *a/k/a* :
*Magnitude Drywall Taping Corp., a/k/a Magnitude* :
*Drywall Taping*, :
                                                  :
                                           Defendants. :
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 3587 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Drywall Tapers and Pointers of Greater New York Local Union 1974, affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO (the "Union") brings this action pursuant to Section 9 of the Federal Arbitration Act ("FAA") and Section 301 of the Labor Management Relations Act ("LMRA") to confirm an arbitration award previously entered against Defendant Magnitude Construction Corp. ("Magnitude"). (*See* Pet. to Confirm Arbitration Award and Supporting Mem. of Law, ECF No. 1.) The award arises from a dispute between the Union and Magnitude regarding Magnitude's decision to hire non-Union tapers. (Pl.'s/Pet'r's Local Rule 56.1 Statement ("56.1 Statement"), ECF No. 12, ¶¶ 4, 5.) Pursuant to a collective bargaining agreement (the "CBA"), such disputes are subject to final, binding decisions of the Union's Joint Trade Board (the "JTB"). (*See* Decl. of Lauren M. Kugielska, Ex. B, ECF No. 2-2, at 25–32.)

    The Union filed a demand for arbitration with the JTB for Magnitude's hiring of non-Union tapers. (56.1 Statement ¶ 5; Decl. of Lauren M. Kugielska, Ex. D, ECF No. 2-4.) The JTB held a hearing on January 23, 2020, at which Magnitude's representative appeared but failed to

refute the Union's allegations. (Decl. of Lauren M. Kugielska, Ex. A (Decision of the Joint Trade Board), ECF No. 2-1.) The JTB found Magnitude's actions to be a violation of the CBA and directed Magnitude to pay $13,000 in penalties and liquidated damages to the JTB. (*Id.*) Magnitude thereafter failed to pay any part of the award owed and has not commenced any action seeking to vacate or modify the award. (56.1 Statement ¶¶ 11, 12.) This action followed.

The Union now moves this Court for summary judgment, seeking an order confirming the arbitration award. (Not. of Motion, ECF No. 10.) Magnitude has not appeared in or otherwise defended this action, nor has it responded to the Union's motion. The Union's motion to confirm the award is GRANTED.

## I. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when "it 'might affect the outcome of the suit under the governing law.'" *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248). The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). The same standard applies where, as here, the motion for summary judgment is unopposed. *See Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

As a general matter, the confirmation of an arbitration award "is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). "An arbitrator's award is entitled to 'significant deference.'" *Trs. for the Mason Tenders Dist. Council*

*Welfare Fund v. TNS Mgmt. Servs., Inc.*, No. 16 Civ. 1120 (AJN), 2016 WL 6208559, at *2 (S.D.N.Y. Oct. 20, 2016) (quoting *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013)). Therefore, "[o]nly a barely colorable justification for the outcome reached by the arbitrator[ ] is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citation omitted).

## II. THE UNION IS ENTITLED TO CONFIRMATION OF THE ARBITRATION AWARD

The Union has met its burden of demonstrating that no genuine issue of material fact exists and that it is entitled to confirmation of the arbitration award. The Union has presented undisputed evidence demonstrating that initiating arbitration with respect to Magnitude's hiring of non-Union tapers was appropriate under the terms of the CBA. The Union has also presented undisputed evidence that Magnitude, by and through its corporate representative, failed to refute the Union's allegations during the JTB arbitration proceeding. Moreover, Magnitude has not filed a motion seeking to vacate the JTB's award. Accordingly, there exists at least a "colorable justification for the outcome reached by the arbitrator[.]" *D.H. Blair*, 462 F.3d at 110.

## III. CONCLUSION

Plaintiff's motion for summary judgment, (ECF No. 10), seeking an order confirming the arbitration award of $13,000 is GRANTED.

The Clerk of Court is directed to close this motion, and this case, accordingly.

Dated: New York, New York
      November 9, 2020

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

3